UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM POOLE, | ) | Case No. 1:05 CV 2485 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

In Case No. 1:04 CR 396 William Poole entered into a written plea agreement on January 11, 2005 and entered his counseled guilty pleas for possession of an unregistered firearm in violation of 26 U.S.C. §§5861 and 5871, and for failure to appear for trial as had been scheduled for October 13, 2004, in violation of 18 U.S.C. §3146(a)(1). The remaining count for possession of a firearm by a prohibited person was dismissed on the government's motion. Following Poole's unsuccessful attempt to withdraw his guilty pleas during February and March 2005, Poole was sentenced on April 8, 2005. He attempted to appeal, but his appeal was dismissed for untimeliness and the appellate court noted that Poole had waived his right to appeal with limited exceptions. *U.S. v. Poole*, Case No. 05-3973 (6th Cir. Sept. 16, 2005).

Thereafter Poole moved to vacate, set aside or correct sentence under 28 U.S.C. §2255. Poole contends that former counsel were ineffective for not filing a notice of appeal as instructed. Secondary arguments are that his conviction was the result of unconstitutionally obtained evidence, coerced confession due to counsel's misrepresentation that Poole would receive a sentence of 27

1:05 CV 2485                                            2

months (Poole was sentenced to 34 months), and "indicted on project Safe Neighborhood." In this final ground Poole points out that he had no prior felony conviction.

The government's position is that Poole expressly waived his right to appeal and/or to file a petition under 28 U.S.C. §2255. The government argues that when a defendant knowingly and voluntarily waives the right to collaterally attack a sentence, the defendant is precluded from bringing a claim of ineffective assistance of counsel based on the motion to vacate citing *Davila v. U.S.*, 258 F.3d 448, 450 (6th Cir. 2001).

The plea agreement waiver at issue is ¶12 of the plea agreement which reads:

> 12.   Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court; (c) any punishment to the extent it exceeds the guideline calculation contained in this agreement; and (d) any criminal history determination to which the defendant objected at sentencing. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(Plea Agreement at ¶ 12).

Poole's plea agreement is significantly different from the agreement at the heart of *Davila*. The plea agreement in that case did not preserve the right to "appeal or collateral attack respecting

1:05 CV 2485                                                  3

claims of ineffective assistance of counsel." Compare *Davila*, 258 F.3d at 452. Naturally, Poole has couched his §2255 motion to vacate under the premise of ineffective assistance of counsel. *Davila* provides little assistance in the disposition of Poole's motion.

>            GROUND ONE:     Denial of ineffective assistance of counsel.
>
>            FACTS:          Attorney failed to file a notice of appeal, violating 6th Amendment right to counsel, when I stated on record for him to do so.

The government points out that Poole's sentence was clearly less than the statutory maximum of ten years and the sentence fits squarely within the calculated and stipulated guideline range agreed to in the plea agreement; and further, since Poole was found to have a criminal history category one, the lowest category, he can raise no claim that his criminal history determination was in error. The government argues that Poole waived his right to appeal except for limited circumstances of prosecutorial misconduct and ineffective assistance of counsel and grounds two, three and four of the motion recite issues which Poole had expressly waived and challenged by means of appeal within the plea agreement.

Poole does not contradict the government's arguments. However, "[a]n attorney who disregards the defendant's specific instructions to file a notice of appeal 'acts in a manner that is professionally unreasonable' without regard to whether the appeal would have merit.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The government's argument is essentially the same as the argument raised and rejected in *Ludwig v. U.S.*, 162 F.3d 456, 459 (6th Cir. 1998). "[A] lawyer's failure to appeal a judgment, in disregard of the defendant's

1:05 CV 2485                                              4

request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not." *Ludwig,* 162 F.3d at 459. The remedy in this situation is a delayed appeal following this court's ruling on petitioner's motion to vacate. See *Ludwig*, 162 F.3d at 459; *Carrion v. U.S.*, 107 Fed. Appx. 545, 547 (6th Cir. 2004); and see *King v. U.S.*, 199 Fed. Appx. 524, 526-27 (6th Cir. 2006)(remanding motion to district court for finding on whether counsel had been instructed to file an appeal).

After he filed his §2255 motion to vacate, Poole filed the letter to him from the Disciplinary Counsel of the Supreme Court of Ohio dated January 19, 2006 (ECF #8 in Case 05 CV 2485). That letter, from one Joseph M. Calliguri, summarizes the investigation which conclusively states that Attorney Tyrone Reed (who had been retained to defend Poole) had agreed to represent Poole on the appeal for payment of $2500.00. However, since payment was not made the notice of appeal was not filed.[1]

What is rather unique in Poole's circumstance though is following the rejection of his appeal as untimely by the Sixth Circuit, Poole filed an *in forma pauperis* application to appeal (ECF #79 in the criminal case. (See 1:04 CR 396). The court instructed Poole on November 2, 2005 to file further documentation of his application to proceed *in forma pauperis* (ECF #81), specifically, "Petitioner is instructed to file documentation explaining what he intends to file/deal with given the previous rulings by this Court and a dismissal of his appeal by the Sixth Circuit." Poole

---

[1] Disciplinary Counsel concluded that no ethical violation or impropriety had occurred so no action was taken against Mr. Reed.

1:05 CV 2485                                    5

subsequently filed another certificate certifying his indigency but the motion was denied on December 14, 2005 for failure to comply with the court's order of November 2, 2005 (See ECF #82).

This attempt to appeal coupled with the failure to explain the basis for this appeal should not prejudice Poole's §2255 motion. The procedure outlined in *Ludwig v. U.S.*, is to move to vacate sentence under 28 U.S.C. §2255, and Poole has used this correct procedure in addition to seeking recourse incorrectly through an application for appeal *in forma pauperis*. Under the circumstances, Poole's motion under §2255 should be granted with respect to the first ground to permit him to file delayed appeal.

*Grounds Two and Four:*

Poole's second ground concerning denial of the motion to suppress evidence and the fourth ground for "indicted on project Safe Neighborhood," are potential issues to be raised in delayed appeal and cannot be addressed at this time. Moreover, as the government argues, these grounds would have been deemed waived under ¶12 of Poole's plea agreement.

*Ground Three:*

There is one more aspect to Poole's claim of ineffective assistance of counsel, this time concerning Mr. Reed's presentation of the plea agreement, as "conviction obtained by use of coerced confession." Poole alleges that his attorney stated that he "must plead guilty" and would receive a sentence of only 27 months. A motion to vacate under §2255 is a proper vehicle for Poole to present his denial of effective assistance of counsel claims. Under federal procedure, "[t]he more preferable

1:05 CV 2485                                6

amount for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. §2255." *U.S. v. Sullivan*, 431 F.3d 976, 986-87 (6th Cir. 2005); *U.S. v. Carr*, 5 F.3d 983, 986 (6th Cir. 1993); and see *Massaro v. U.S.*, 538 U.S. 500, 128 S.Ct. 1690, 155 L.Ed.2d 714 (2003). This procedure under §2255 is specifically suited to assert a claim of denial of the constitutional right to effective assistance of counsel during plea negotiations. See *Humphress v. U.S.*, 398 F.3d 855, 857 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 199 (2005).

There are two barriers to the argument. The first barrier is ¶15 of the plea agreement, where Poole acknowledged that the offer to plead guilty was freely and voluntarily made and no threats, promises or representations had been made, nor agreements reached, other than those set forth in the agreement, to induce the defendant to plead guilty. (Plea Agreement ¶15). The second barrier is a legal one - counsel's material misrepresentation of the consequences of the guilty plea or an inaccurate prediction about sentencing which in themselves are insufficient to sustain a claim of ineffective assistance of counsel. See *U.S. v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005); *Cofske v. U.S.*, 290 F.3d 437, 441 (1st Cir. 2002); *Knight v. U.S.*, 37 F.3d 769, 775 (1st Cir. 1994); *U.S. v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993); *U.S. v. Arvintis*, 902 F.2d 489, 494-95 (7th Cir. 1990); *U.S. v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989), *cert. denied*, 493 U.S. 871 (1989).

1:05 CV 2485                                              7

## *CONCLUSION AND RECOMMENDATION*

Based on arguments raised in the motion to vacate sentence under 28 U.S.C. §2255, the files and records and applicable law the undersigned finds that William Poole has presented arguments with merit and it is recommended that the motion be granted with respect to his first, second and fourth grounds to enable Poole to undertake a delayed appeal. However, pursuant to *Ludwig v. U.S.*, the district court should not at this time overturn the conviction. There should be no altercation in the status of this case until such time as mandated following delayed appeal.

                                                  s/James S. Gallas
                                                United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 29, 2007